### Israel Heitner v. Frank Linsenbarth et al.

1. ESTOPPEL—*By Oral Statements.*—The maker of a note secured by a trust deed was inquired of by a party who had been applied to for a loan by the holder of the note and who offered them as collateral security. In response to such inquiry he stated that the note and trust deed were still unpaid and all right. *It was held,* that the maker was afterward estopped from denying the validity of such note and trust deed as against the person making the loan and taking them as collateral security.

**Foreclosure of Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 17, 1900.

WILLIAM F. MOMEYER, attorney for appellant.

LACKNER, BUTZ & MILLER, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A bill in equity was filed to foreclose a trust deed, in the nature of a mortgage, made by appellant to secure his promissory notes for $4,500, held by the appellee Linsenbarth.

Among other parties made defendant to the bill was the appellee Otto C. Butz, it being alleged that he claimed some interest in the mortgaged premises.

Butz answered and filed a cross-bill, as did also the appellant, Israel Heitner, and (except as to the extent of solicitor's fees allowed to the appellee Linsenbarth under his original bill to foreclose), the only questions sought to be reviewed by this appeal are such as relate to a $1,500

note and trust deed which is the subject-matter of the two cross-bills.

Appellant sought by his cross-bill to have that $1,500 note and trust deed declared void, and canceled, and appellee Butz sought by his cross-bill to have the same enforced to the extent, at least, of loans of money made by him on the faith thereof as collateral security. The decree adjudged the said trust deed to be valid in favor of Butz to the extent of $839.32, that being found to be the amount loaned by him with interest. As to all else of said trust deed, it was adjudged to be not valid.

Because of the somewhat peculiar nature of the transaction concerning the making and delivery by appellant of said $1,500 trust deed and note, and the hotly controverted questions of notice and good faith in the subsequent dealings by Mr. Butz with the holder of the same, coupled with the circumstance that appellant was an aged and illiterate man, we have been induced to examine into the record with especial diligence, notwithstanding the concurrence of the chancellor of the Circuit Court, after a hearing of exceptions to the master's report, with the master in his findings of fact.

Mr. Butz took the said $1,500 note and trust deed from David Heitner and Babie Heitner, as collateral security to their three promissory notes given to him by them for borrowed money.

It seems that David Heitner is the son of appellant, Israel, and that Babie Heitner is the wife of David.

When David came to this country he brought about $6,000 of Israel's money, and used it in purchasing incumbered real estate, in Chicago, taking the title in the name of his wife, Babie. Two of said properties consisted, respectively, of a house and lot on Sixteenth street, and the North Halsted street premises that comprise the security conveyed by both the $4,500 and the $1,500 trust deeds.

Israel Heitner, the appellant, came to this country after both of said properties had been so purchased and conveyed to Babie. All the money that was used in buying them belonged to Israel.

Some time after the arrival of Israel it became desirable, if not necessary, to re-arrange some incumbrances that stood against the North Halsted street premises, and the law firm of which appellee Butz was a member undertook to make the loan of $4,500 upon the same, which is the subject-matter of the original foreclosure bill.

As a part of that transaction it was arranged with the holder of a second mortgage of $3,000 upon the premises, that he would accept for his mortgage $1,600 in cash and the equity that Babie Heitner held in the Sixteenth street house and lot, by virtue of the title thereto being in her name. But Babie refused to make a conveyance of the house and lot unless she were given a second mortgage for $1,500 upon the North Halsted street premises, and it was then that the trust deed and note for that amount, here involved, was executed by Israel Heitner in her favor.

It is at this stage that the controversy begins. On the one hand, it is insisted that Israel Heitner had no knowledge of what it was he was executing when he signed the $1,500 papers; that he had no intention to give Babie Heitner anything whatever for her conveyance of the property —it being, in fact, his own—and that he was deceived into signing the papers by false representations made to him by David and Babie; that such paper related only to the $4,500 trust deed and notes, and that Butz knew of such misrepresentations and deceit, and participated therein.

On the other hand, it is insisted that Babie's demand was fully explained and made known to Israel before he signed the papers, and that with full knowledge thereof he assented to it.

Mr. Butz does not in any manner deny that he was informed that Babie refused to give a deed of the Sixteenth street property without obtaining the equivalent of a second mortgage on the Halsted street premises, and it is conceded that the papers perfecting the arrangement were prepared under his direction. But it in no manner adequately appears that he had any knowledge or reason to believe or suppose that Babie was not the owner in her own right of the

Sixteenth street property, as she purported to be, nor but that her conveyance of it for Israel's benefit constituted a good faith and full consideration for the $1,500 note and trust deed made by Israel in her favor.

David Heitner's testimony does, it is true, tend to show that Mr. Butz was informed by him that Israel's money paid for the Sixteenth street property, and that Butz participated with him and Babie in the scheme to get the old man to give Babie the $1,500 papers without knowing what he was doing, but his testimony in that regard is clearly overborne by the other evidence and circumstances. We may also add that his testimony is much shadowed by his own confession that he and his wife were engaged in a combination to defraud the aged father out of this $1,500 to which they had no just right.

We regard it to be well established, as in effect found by both the circuit judge and the master in chancery, that Butz did not participate in the scheme to deceive and defraud the old man, and that he had no knowledge or reason to suppose that the note and trust deed were obtained either by fraud or without consideration.

We do not regard the suggestion of appellant that because there was inserted in the trust deed a provision that if appellant should desire to renew or place another first mortgage lien upon the property, this $1,500 trust deed should always be a second lien subject to such other trust deed, as amounting to notice to subsequent dealers with the trust deed that it was given without consideration.

Such a provision might frequently be a matter of considerable convenience, and could not be fairly interpreted as being anything more than a matter within the plain and reasonable limits of agreement by the parties.

Some months after the papers were executed by Israel Heitner, David and Babie Heitner applied to Mr. Butz for a loan of $500, which was granted, and to secure him they delivered the $1,500 note and trust deed to him, and a few days later he loaned to them two lesser sums of $182.75 and $80, upon the same security.

Although the evidence in this behalf is not so entirely

satisfactory as it is in respect of the matters already considered, it is, we think, sufficient to justify the conclusion expressly found by the master to be a fact and concurred in by the chancellor, that at about the time and before Butz loaned the money to Babie and David, Israel Heitner told Mr. Butz in response to an inquiry about it, that the note and trust deed were still unpaid and all right. By such statement, the appellant clearly estopped himself from now denying the validity of the trust deed, as against Butz.

The conclusion we reach from a consideration of all the evidence is, that in the eye of the law Butz is a good faith holder of $1,500 papers, and as such is entitled to the protection given him by the decree.

The only question presented for review is that concerning the amount of solicitor's fees allowed to Linsenbarth, the complainant in the original bill, to foreclose the $4,500 trust deed. That trust deed provided, by its terms, for the allowance of a reasonable solicitor's fee. The amount found by the decree to be due to Linsenbarth, exclusive of solicitor's fees, exceeds $5,000. The $200 that was allowed is therefore somewhat less than four per cent on the amount involved.

The testimony as to the value of the services rendered ranged from $100 to $150 on the part of appellant, and from $240 to $350 on the part of appellee Linsenbarth.

We are not disposed to disturb the decree in any respect. It will therefore be affirmed.